M. Dodeman, et als. *vs.* R. Barrow.

10 193
e109 478

10   193
Case 2
123   691

A sale made by the State Treasurer in 1828 under the existing laws, for the non-payment of taxes by a non-resident, under the designation of "a certain tract of land, situated in the parish of Assumption,.measuring six arpents, more or less," is invalid by reason of the uncertainty. of the thing sold.

Such a sale cannot be cured by a monition; nor will a judgment on a monition sustain the plea of *res adjudicata* in favor of the title acquired under such a sale.

APPEAL from the District Court of the parish of Assumption. *Cole, J.*

*Bonford & Gentile,* for plaintiff and. appellant. *Ilsley,* for defendant.

Slidell,. C. J. The plaintiffs seek, in this action, to recover from the defendants a tract. of land,. described as lying in the parish of Assumption, hav-

25

ing a front on bayou Lafourche, opposite Napoleonville, of six arpents, by a depth of forty, bounded below by lands formerly of *Maurice Elpert*, and above by lands of *Street*, and bounded at present above and below by lands of the defendants. They set forth a title for the whole tract anterior to the tax sale, which has given rise to this action.

The only question which arises in the present stage of the cause, is the correctness of the judgment below in favor of the defendant, on his plea of *res judicata*, upon which alone the cause was heard below. The plea is based on a decree rendered upon an application for a monition made under the Acts of 1834 and 1838. The State Treasurer in the year 1828, adjudicated to one *Moaney*, for the price of $16, " a certain tract or parcel of land situated in the parish of Assumption, measuring six arpents, more or less." The deed of the Treasurer, which the defendant annexed to his petition for a monition, recited that the land was sold for taxes due by one of the plaintiffs, *Martial Dodeman*, returned by the collector of taxes as non-resident. On the 21st May, 1840, a decree was signed by the District Judge, confirming and homologating the adjucation made by the State Treasurer. In the decree the land is described as " a tract of land having six arpants front on the said left bank of bayou, nearly opposite the mouth of said canal, bounded above by land of *F. Street*, and below by land of *Maurice Elpert*."

This plea of *res judicata*, being tried alone, no evidence was offered by the plaintiff, and the defendant gave in evidence only the petitions and decree in the monitions. We have to decide, therefore, whether the action of the plaintiff for the tract, of six arpents front, by forty in depth, described in his petition, is barred by the decree in monition.

We think the District Judge erred. There was an adjudication to *Moaney* of six superficial arpents, the property of *Martial Dodeman*, somewhere in the parish of Assumption. This sale was, unquestionably, invalid, by reason of the uncertainty of the thing sold. No metes and bounds being stated, and no description of the six arpents, whatever, being given, save that they were in the parish of Assumption and belonged to *Martial Dodeman*, what authority had the purchasers to enter upon the tract of 240 arpents owned by *Martial Dodeman*, and carving a portion out of it, say, these are the six arpents I bought.

Here there was a virtual invalidity arising from the uncertainty of the thing sold. Can it be cured by a monition? We think not. We can find no warrant in the monition law authorizing the District Judge to locate that tract, which the adjudication did not locate, much less to enlarge the sale, and convert a purchase of " six arpents, more or less " into a purchase of a tract having six arpents front by forty in depth, in other words a tract of 240 arpents.

It is therefore decreed that the decree of the District Court sustaining the plea of *res judicata* be reversed, the said plea be overruled, and that this cause be remanded for a new trial, and further proceedings according to law, the costs of the appeal to be paid by the defendant.