No. 9559.

MRS. SERAPHINE MASPEREAU vs. CITY OF NEW ORLEANS ET ALS.

Property must be assessed in the name of the true owner. If assessed in any other name, the assessment is defective and cannot be the basis of a legal tax sale.

A woman divorced from her husband is in the same situation toward him as though no marriage had ever been contracted between them. She has the legal right to resume her original name, and property which she buys and which is recorded under that name cannot be legally assessed against her under another name, not even under her former name as a married woman.

APPEAL from the Civil District Court for the Parish of Orleans
   *Houston*, J.

*Farrar & Kruttschnitt* for Plaintiff and Appellee.

*W. H. Rogers*, City Attorney, and *Blanc & Butler*, for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.   The State tax collector and the city of New Orleans have taken this appeal from a judgment of the district court, annulling an adjudication at a tax sale of plaintiff's property in November, 1884, for taxes assessed against said property for the years 1882 and 1883, and ordering the cancellation of the assessment of said property for the years 1882, 1883 and 1884.   The judgment also enjoined the tax collector from executing a deed to the property under the adjudication made by him as aforesaid to the State of Louisiana.

The grounds of plaintiff's complaint were that the property had not been assessed in her name, and that she had never been served with the notices required by law as necessary steps to a legal tax sale.

As the appeal taken by the city of New Orleans involves no other question but the legality or binding effect of the assessment, and as the amount of taxes which may thereunder be eventually due to the city, is far less than the lower limit of our jurisdiction, it follows that we have no jurisdiction over that branch of the case in which the city is interested, and that her appeal cannot be maintained.

The point presented by the State tax collector's appeal, involves the legality of his adjudication at a tax sale, of property which is shown to exceed in value the sum of two thousand dollars, and hence his appeal stands on a different basis.

The record shows that the property in suit was acquired by plaintiff by purchase on the 25th of July, 1881, and that her titles were put of record in the proper office on the same day.

It also appears that plaintiff, who had been the wife of Ernest D'Aquin for five years, was divorced from him in June, 1875, from which time she had resumed her original name as shown in the title of this suit, that for the year 1882, the property was assessed in the name of S. Keiffer, her vendor, and for the year 1883, in the name of Mrs. Ernest D'Aquin.

It requires no argument to show that the assessment of 1882 was an absolute nullity, and that it could not be the basis of a lawful tax sale. Lague vs. Boagni, 32 Ann. 912; Guidry vs. Broussard, 32 Ann. 924; Marin vs. Sheriff, 30 Ann. 293.

On the second point, involving the alleged illegality of the assessment of 1883, appellant's counsel argue that plaintiff having, by marriage, become Mrs. Ernest D'Aquin, the assessment in that name was proper and legal, as that was and is her name until she legally acquires another.

But the Civil Code, Art. 158, says: "The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted between them."

If no marriage had ever been contracted between Ernest D'Aquin and Seraphine Maspereau, the latter would never had been named or known as Mrs. Ernest D'Aquin, and hence it follows as one of the effects of the divorce that she then ceased to be Mrs. Ernest D'Aquin, and that she had as perfect a right to contract in her original name, as she had to contract at all, without the slightest reference to her former husband.

And his name had no more connection with her purchases or other contracts than he could in his own rights have interfered therewith or controlled the same.

By means of a reference to the public archives, which it was his duty to do, the assessor would have seen that, after the 25th of July, 1881, property stood in the maiden name of plaintiff, and that it was in that identical name that she had accepted the authentic sale made to her of that property. 30 Ann. 295, Marin vs. Sheriff et al.

An assessment made under such circumstances must be held as invalid. Hence we need not discuss the third ground of alleged nullity invoked by plaintiff, touching the want of notice required by law.

Having concluded that the assessment of 1882 was illegal because it was made in the name of S. Keiffer, and that of 1883 untenable, as it was erroneously in the name of Mrs. Ernest D'Aquin, we must hold that no legal adjudication was made on the 14th of November, 1884, and hence the judgment appealed from is correct.

It is, therefore, ordered, that the appeal of the city of New Orleans be dismissed at her costs, and that the judgment against the State tax collector be affirmed with costs.