## No. 1273.

THE STATE EX REL. POLYCARP FONTENOT VS. THE JUDGE OF THE THIRTEENTH JUDICIAL DISTRICT COURT, PARISH OF ST. LANDRY.

In appeal from a judgment rendered by a justice of the peace to a district court, where a motion is made to dismiss the same on the ground that the matter in dispute is under the lowest limit of the appellate jurisdiction of this court, the appellant should be permitted to offer evidence to maintain his appeal, unless his want of right to the appeal conclusively appears from the face of the papers.

APPLICATION for Certiorari.

*Lewis & Brother,* for the Relator.

*W. C. Perrault* and *K. Baillio,* for the Respondent:

1. Relator in a case like the one at bar, cannot in his petition introduce new allegations or facts not appearing in the record. The court will disregard such new allegations, and decide the case on the face of the papers. 32 Ann. 1222; 33 Ann. 256.

2. A petition for certiorari which fails to aver that the respondent judge arbitrarily and without cause refused to hear relator and his witnesses, is lacking in essential averment. and no relief can be granted him thereunder. 36 Ann. 481, 482.

3. The answer or return of the respondent judge, in an application for a certiorari, being the official act of a sworn officer, is not required to be sworn. It is considered as being made under oath.

4. Under the jurisprudence of this State, prior to the year 1879, the Supreme Court could only issue the writ of certiorari when invoked in aid of its appellate jurisdiction. 15 Ann. 120; 22 Ann. 459, 517; 16 Ann. 164; 25 Ann. 381; 30 Ann. 457; 31 Ann. 795.

5. Appeals from magistrates' courts are carried directly to district courts. The only exception to this rule is where the legality or constitutionality of a municipal tax, toll or impost is put at issue, in which case only, the appeal is carried to the Supreme Court. Constitution of 1879, arts. 111 and 81.

6. The Supreme Court will not exercise the supervisory jurisdiction granted by art. 90, unless it affirmatively appears: 1st. That the lower judge was guilty of a clear usurpation of power not conferred by law. 2d. Where he has arbitrarily or without cause refused to perform some plain duty imposed upon him by law, and which he had no discretion to refuse. 3d. Where relator has no adequate remedy in any other form of proceeding. Even in these cases, the Supreme Court will not revise the action or the judgment of the lower court on the merits, but will only inquire into and revise their regularity and legality in point of form. 32 Ann. 549, 552; 33 Ann. 1201; 32 Ann. 1222; 33 Ann. 256, 255, 15. A refusal to hear or receive evidence because inadmissible, does not fall within the purview of this supervisory power. 36 Ann. 481, 482.

7. A judgment of a court wanting in jurisdiction *ratione materœ,* is null, and a clear action lies to annul it. C. P. 604, 606, par. 3. Such a judgment can be even collaterally assailed.

8. Under art. 608 C. P., the nullity of a judgment may even be demanded on appeal, provided the nullity appears on the face of the papers. But such nullity must be demanded. C. P. 608.

9. Magistrates' courts have no jurisdiction of a suit wherein "the right of property" or, the "possession of an immovable" is put at issue. C. P. 1068.

10. Where an averment of jurisdiction is made, an appellate court will permit the proof of

jurisdiction by affidavit or otherwise to be made.  But it is not permissible to supply by affidavit, not only the proof, but the averment of jurisdiction on appeal.  30 Ann. 1138 ; 31 Ann. 856 ; 33 Ann. 1051 ; 2 Ann. 293 ; 8 Ann. 282, H. D. p. 18, No. 1. and cases cited.

11.  There is an obvious and manifest difference between the offer and the right to prove the value of the object in dispute, in the court of the first instance, and the right to do so in the appellate court.  In the latter, the jurisdiction must be averred, and must appear from the face of the papers—and no evidence is admissible to supply its omission.

12.  In the case at bar the district judge having properly rejected the evidence offered to eke out jurisdiction, the case was left as it was originally : with a demand by plaintiff for ten dollars damages.  This amount being below the appellate jurisdiction of the district court, the appeal was properly dismissed.  Const. 1879, art. 111.

The opinion of the Court was delivered by

TODD, J.  This is a certiorari proceeding.

The relator alleges in substance that he was sued before a justice of peace in the parish of St. Landry, to compel him to cut a certain levee and to pay ten dollars damages caused by the levee.  That judgment was rendered by said justice as asked for, that is to pay ten dollars to the plaintiff in the suit, and cut the levee complained of; that he appealed from this judgment to the Honorable the District Court of the parish of St. Landry, the Hon. G. W. Hudspeth presiding ; that in said court a motion was made to dismiss the appeal on the ground that the court was without jurisdiction to entertain the appeal for the reason that the matter in dispute was below the limit of its appellate jurisdiction ; that thereupon the relator offered to introduce evidence to satisfy the judge touching the question of jurisdiction by proving the money value of the demand made and the right involved respecting the said levee, and the cutting of the same sought to be effected by the suit; that the judge refused to hear said evidence, and dismissed his appeal.  The relator charges that this action of the judge was error, and he seeks to have it so declared, and at the same time to compel the judge to hear his testimony offered on the trial of the motion to dismiss the appeal.

By the writ in question we can determine whether the judge erred in his refusal to hear evidence on the point in question.

In the reasons given by him for his ruling and for the dismissal of the appeal—which we find in the record—he seems to have concluded, from the face of the papers, that the only real matter in dispute was the ten dollars which the relator was condemned to pay by the judgment appealed from, and that, therefore, the question of jurisdiction was not open to evidence.  Whether the court had jurisdiction to entertain the appeal is a question not now before us, but only whether

he should have heard evidence touching the question raised by the motion to dismiss.

In this court, where similar questions are presented, unless it conclusively appears from the pleadings that the court is clearly without jurisdiction, it is permitted the appellant, for the purpose of determining the question of jurisdiction and the appealibility of the case, to submit affidavits respecting the amount involved or the value of the matter in dispute, which are always viewed and received by the court as properly before it for consideration.

We do not agree with the judge *a quo* that it conclusively appeared from the face of the papers presented in the appeal before him, that his court was without jurisdiction.

The suit before the justice was to compel the relator to cut his levee and to pay ten dollars damages caused by the levee.

It might well be that the most important and valuable interest of relator involved in the suit was the right to maintain and keep intact his levee, which it was the object of the suit to compel him to destroy. We do not pretend to say that this right was of value sufficient, together even with the ten dollars in dispute, to give jurisdiction to his court of the appeal, but we do think that the record presented a sufficient showing to authorize the appellant and relator to submit evidence of the value of his said interest with a view of maintaining his appeal. Thus concluding, we think it was error in the judge to refuse to hear this evidence, and error likewise to dismiss the appeal without or before hearing it.

The order of dismissal was, under this view of the matter, premature and unauthorized, and we think, under the provisions of the article of the C. P. above quoted, that the relator is entitled to the relief asked for.

It is therefore ordered, adjudged and decreed that the ruling of the respondent judge refusing to hear evidence touching the right of the relator to maintain and relating to the jurisdiction of the court to entertain the appeal, and respecting the value of the right, interest or matter in dispute in the controversy, be and the same is hereby corrected and the order dismissing the appeal set aside, and the appeal reinstated for the purpose of permitting the relator to submit or offer evidence on the points mentioned, and subject to the motion to dismiss the appeal, at the cost of respondent.

ON APPLICATION FOR REHEARING.

I.

WATKINS, J. Respondent suggests that there is error in our judg-

State ex rel Fontenot vs. Judge.

ment taxing him with the costs, and insists that such a case as this is exceptional, and is not governed by the rule laid down in C. P. 549, to the effect that "in *every case* the costs shall be paid by the party cast, except when compensation has been allowed or real tenders made," etc.

But the next article is still further to the purpose: " The same rule shall be observed with regard to the party cast on *incidental demands*, whether they be dilatory or declinatory."

Relator cites the case of Borgsteed vs. Black, 5 Ann. 753, as furnishing authority for the position that is assumed by him. That was a case involving an election contest, and consequently bears no analogy to the present action. The Court said that the party cast in that suit was not bound for the costs, for two reasons: 1st. That that suit was not an ordinary civil action, but one of public concern. 2d. That the statute on the subject of contested elections did not authorize it.

In State ex rel. Montague vs. Coquillon, justice of the peace in the parish of St. Tammany, 35 Ann. 1101, in which a writ of *certiorari* against respondent was applied for to this Court, on the allegation that he had rendered judgment in an unappealable case against the relator, without allowing him a hearing, as the law requires, and the following decree was entered, viz: " It is therefore ordered, adjudged and decreed that the judgment rendered by the respondent magistrate against the relator, on the 4th June, 1883, be annulled and avoided, and that respondent be ordered to try the case anew, in conformity with the provisions of the law, and *that the respondent pay the costs of these proceedings.*"

We think this exception not well taken.

## II.

Respondent further suggests that we have entertained relator's petition for a writ of *certiorari* entirely independent of the supervisory power vested in this Court by the Constitution, article 90; and which relator does not invoke, and the judgment complained of did not cite.

He then suggestively enquires: "Can this Court (independently of the powers conferred by Article 90) grant any relief in an unappealable case, by writ of *certiorari ?*"

Reference to C. P. 857 and 860, will satisfy respondent's enquiry. But, if anything necessary to relator's adequate relief under them is wanting, Article 90 supplies the deficiency, and we will cite it now, in support of our complete jurisdiction.

On this we rely for a sufficient answer to the cases cited by the respondent, viz: 9 Ann. 522; 2 Ann. 979; 16 Ann. 164; 15 Ann. 120; 30 Ann. 457.

We do not understand that any set phraseology should be employed in relator's petition to entitle him to relief. It is quite sufficient that he has, in due form, made his grievances known to this Court, which is clothed by the Constitution with the supervisory power to examine and correct, and which has the undoubted authority to draw legal inferences from a given state of facts, coupled with the duty to apply the remedy. The relief was *not* granted *ex proprio motu,* nor "gratuitously extended," to a case in which no such relief was invoked. We think this Court is perfectly competent to entertain jurisdiction of the writ of *certiorari,* either alone or when coupled with *mandamus.*

### III.

Respondent further insists that relator has not *presented* a case entitling him to the relief demanded; or, in other words, that this Court should not order "the district judge to reopen the case of Deville vs. Fontenot, and order him to receive evidence which, after due hearing and argument, he held inadmissible."

Relator's counsel places strong reliance upon State ex rel. Bright & Co. vs. The Judges, etc., 36 Ann. 481, and from which they quote this phrase, viz: "But that means an arbitrary refusal to hear any witnesses at all, and not to the rejection of testimony *as inadmissible.*" That is to say, irrelevant to the issue.

In that case the objection that was urged to the testimony was that "it had not been properly stamped."

"This mandate *(certiorari)* is only granted in cases where the suit is to be decided in the last resort, and when there lies no appeal, by means of which proceedings absolutely void might be set aside, as where the inferior judge *has refused to hear the party or his witnesses,*" etc. C. P. 857.

What was the question before the district court, and involved in the suit of Deville vs. Fontenot, then on trial? Its appellate jurisdiction of that cause. What did the court decide? That it conclusively appeared from the face of the record that it had no jurisdiction *ratione materiæ,* and refused to hear any evidence going to show the money value of the plaintiff's demand and dismissed the suit. He did not reject the evidence for the reason that same was inadmissible and not pertinent to the issue; but for the reason that the issue was one upon which no evidence could be received at all.

### IV.

Relator had a perfect right to apply for the writ of *certiorari* and *mandamus* at one and the same time, or separately.

In our previous opinion and decree we granted relator no relief that was not strictly consonant with the writ of *certiorari* alone. Montague's case above cited is a complete precedent on this point.

## V.

We have taken pains to express our views again, and even more in detail than before, in order to fully relieve the minds of the respondent and his zealous counsel from the erroneous impression they seem to entertain that our previous opinion was rendered gratuitously, *ex proprio motu* and without deliberate consideration.

Rehearing refused.