The opinion of the court was delivered by
McEnery, J.
This is a petitory action instituted by plaintiff to recover certain immovable property in the possession of defendant. The plaintiff sued in the capacity of widow of James Martin, al *1052 leging that the property belonged to the community and that she is the owner of one undivided half, and usufructuary of the other half.
There was judgment for plaintiff, from which the defendant appealed.
The defendant claims title through a quit-claim deed from J. A. O. Wadsworth, who obtained a like title from Van Norden. Van Nor-den acquired title from one Delano, who purchased the same at judicial sale November 4, 1875. The property was assessed to Van Norden and was adjudicated to the State for taxes, and subsequently the State Auditor sold the property to John Spansel, who sold to defendant. The quit-claim deed alluded to was intended to perfect defendant’s title. It will be unnecessary to follow the discussion of the parties relative to the effect of the tax sales further than to inquire, was there such an assessment of the property as to conclude the plaintiff from contesting the same for the purpose of showing that her deceased husband, James Martin, was never divested of title to the property, and the assessment of the same in the name of another party was null and void and could be the basis of no valid tax sale.
Jonas Pickles sold the property in controversy to James Martin in 1852. On November 5, 1875, afi.fa. issued from the Superior District Court, in the parish of Orleans, in the suit of Drainage Company vs. Jonas Pickles, and the property was seized, and sold and adjudicated to Delano. Martin was not made a party to the suit in which the f,. fa. issued. There could be no divestiture of Martin’s title by a sale under said judgment. Delano, therefore, acquired no title whatever to the property, and he could convey none to any purchaser from him. Van Norden, who purchased from him, acquired no title, and the assessment of the property to him and the sale under the assessment were null and void. There were two titles on record : one in the name of James Martin, and there was no evidence of record that by any act of his, or through any proceedings instituted against him, that he had ever parted with title to the property. The-other title in the name of Delano, transferred to Van Norden, was an absolute nullity, and the tracing of it but for a short period would have informed the assessor that no proceedings had been instituted against Martin by which he was divested of title. There was no connection whatever between the titles of Van Norden and James Martin. They were distinct and independent, the former showing *1053 that the title was derived from a proceeding to which James Martin was a stranger, and the sale to Van Nprden of the property of another — of James Martin, who could not be divested of his property without due process of law. The facts presented bring this case directly within the ruling of Lockhart vs. Smith, 47 An. 124.
We have held that ordinarily it is not essential that property should be assessed in the name of one possessing both the legal and equitable title in order that the assessment be legal and valid. Prescott vs. Payne, 44 An. 650.
But there must be a prima facie title to serve as the foundation of a valid tas sale. Id.
There must be on record some evidence to show that the original owner voluntarily parted with title, or that there were proceedings against him which apparently divested his title, such as were in evidence in the case cited, and the authorities, therein referred to.
The assessment was not in the name of the owner of the property as shown by the records, and was therefore absolutely null and void. No vested tax sale can be predicated upon an absolutely null and void assessment.
Judgment affirmed.