LAND, J.
This is a suit brought under the provisions of article 233 of the Constitution of 1898 and Act No. 101, p. 127, of 1898, to confirm a tax title to S. Ya of section 79, section 78, and sections 83 and 84, township 4, S., range 8 E., situated in the parish of Pointe Coupee. Plaintiff alleged that he purchased said tracts of land in 1902 from one Charles L. Andrews, who acquired same by virtue of a tax sale made on March 17, 1884, for delinquent taxes assessed against said property for the years 1880, 1881, 1882, and 1883 in the name of the “Estate of A. J. Powell, nonresident.” The petition alleged actual and continued possession in the plaintiff and his authors, accompanied by the payment of taxes, since the date of said tax sale in 1884.
The defendants are Albert G. Simmons, a resident of said parish, and Harry S. Perkins, a resident of the state of Mississippi. The petition alleged that said defendants had for some 12 or 15 months claimed adverse ownership to and possession of said property by virtue of an act of sale from David T. Merrick, of date July 7, 1902.
Plaintiff called his vendor, a nonresident, in warranty, through a curator ad hoc appointed to represent him.
Plaintiff prayed for judgment confirming and quieting his title to the ownership of said land, and, in the event of an adverse judgment for a decree against his warrantor for the sum of $8,000, the purchase price of said property, with interest and costs.
Among other exceptions the defendants pleaded that the estate of A. J. Powell, the alleged tax debtor, had not been made a party defendant, as provided by Act No. 101, p. 127, of 1898. This exception was overruled, and a bill was reserved and taken to the ruling of the court. Defendants disclaimed title to sections 78 and 79, but averred ownership of sections 83 and 84 by title derived through mesne conveyances from A. J. Powell in 1860, and also averred actual corporeal, undisturbed, and undisputed possession as owners in themselves and authors since 1800.
Defendants further pleaded that the plaintiff had in a previous suit acknowledged their possession of said sections 83 and 84, and, after said possession for many years had been proven, had voluntarily discontinued his petitory action.
Defendants further averred the nullity of said tax sale, on the ground that A. J. Powell was not owner of said property in 1884, having parted with his title in 1860, and for other reasons.
The defendants pleaded the prescription of 3, 5, 10, and 30 years, and called their vendor, David T. Merrick, in warranty. The warrantor answered, pleading estoppel, prescription, the nullity of the tax title on vari *611 ous grounds, possession in himself and authors, and specially denied the alleged possession of plaintiff and his authors.
There was judgment in favor of the defendants, and judgment in favor of the plaintiff against his warrantor for $4,687.50, with interest and costs. 'Plaintiff alone has appealed, and-no answer has been filed praying for an amendment of the judgment.
On July 9, 1860, Andrew Jackson Powell, by authentic act, sold to Mrs. N. B. Downing, wife of William D. Y. Downing, sections 83 and 84 for the price of $6,400. One-third of this price was represented by the note of the purchaser to the order of and indorsed by R. 0. Cummings & Co., payable on December 1, 1860, and for the balance the purchaser gave her two notes, falling due, respectively, in 1861 and 1862. In this transaction Mrs. Downing was represented by James Green Brown, duly authorized by a private writing of date July 5, 1860, who acknowledged possession of the property conveyed.
This act of sale was duly recorded in the parish of Pointe Coupee on November 29, 1860.
It is argued that the deed does not show that the wife was authorized by her husband to make the purchase, and that the wife has not the capacity to buy entirely on a credit. The answer is that the Civil Code provides that:
“Proceedings to annul the acts of the wife for want of authority, can be instituted only by the husband or wife, or by their heirs.” Article 134.
See Michel v. Knox, 34 La. Ann. 402-403.
The husband administered the property so purchased by his wife, and her sole heir sold the same to D. T. Merrick in 1887. The vendor of the wife did not and could not impeach the contract of sale.
William A. V. Downing owned the Argyle plantation. Sections 83 and 84 consisted of a cypress swamp in the rear of and partly contiguous to said plantation. The evidence shows beyond controversy that Downing in 1860 and 1861 operated a sawmill on the-Argyle place, cut timber and opened roads on the lands in controversy, and through them constructed a large drainage canal, more than a mile in length. This actual possession was-as broad as the title of Mrs. Downing, and covered both sections. Mr. and Mrs. Downing died, and the property in question was-inherited by their minor son, Wm. D. Downing, who was represented by David T. Merrick as tutor. About the year 1880 the tutor collected from Joffrion and others $800 for timber taken by them off of the lands in dispute. In 1887 D. T. Merrick purchased from William D. Downing the Argyle plantation- and other lands, including the two sections in controversy. In 1887 and 1888 Merrick’s-overseer, Barbre, cut a number of trees in said swamp for the purpose of making improvements on the plantation. The swamp-was known as the “Downing brake,” and the evidence shows that the timber thereon was used whenever needed on the Argyle-plantation.
In 1902 D. T. Merrick sold the Argyle plantation and the lands in dispute to the defendants, who at once took actual possession, and have remained in possession ever since. In July, 1904,' the present plaintiff instituted a petitory action against the same defendants, alleging title in, himself, and that they were-in wrongful possession of the land in controversy without title thereto. During the-trial of that suit, after evidence had been adduced, the action was discontinued by the-plaintiff.
In January, 1902, the plaintiff purchased, from Charles L. Andrews the south one-half of fractional section 79 and sections 78, 83, and 84. The first two tracts are not in dispute. Andrews claimed title to the foul-sections through a tax sale made March 15,. 1884, for taxes due by A. J. Powell, as owner, for the years 1880, 1881, 1882, 1883. The-only assessment of the property was against the “Estate of A. J. Powell, nonresident,’” *613 for the year 1883. On November 13, 1884, Andrews sold said described lands and others to J. W. Green. In July, 1891, Green reconveyed the said four sections to Andrews. In November, 1897, Andrews sold to Samuel R. Whatley 160 acres of land, more or less, “lying and being in the southern portion of the south half of section seventy-nine and the northern portion of the north half of section 83.” Whatley, failing to pay the taxes on this tract of 160 acres, it was sold at tax sale and purchased by Andrews.
The tax sale of March 15, 1884, was an absolute nullity as to sections 83 and 84, because the property assessed did not belong to A. J. Powell or to his estate. The recorded title stood in the name of Mrs. Downing, and in 1884 the property belonged to her estate. Under Act No. 96, p. 119, of 1882, it was the mandatory duty of the assessor to examine the records and to assess the property in the name of the owner. Sections 8 and 18. The assessment and tax sale in the name of A. J. Powell or his estate was null and void. Workingmen’s Bank v. Lannes, 30 La. Ann. 871; Lague v. Boagni, 32 La. Ann. 912; Guidry v. Broussard, 32 La. Ann. 924; Le Blanc v. Blodgett, 34 La. Ann. 107; Davenport v. Knox, 34 La. Ann. 407; Maspereau v. New Orleans, 38 La. Ann. 400; Font v. Land & Improvement Co., 47 La. Ann. 272, 16 South. 828. An assessment against the owner and notice to him is requisite to pass title by tax sale since the adoption of the Constitution of 1879. Font Case, supra; Johnson v. Martinez, 48 La. Ann. 52, 18 South. 909.
The tax deed recites that the proceedings were had under “sections 51 and 52 of Act No. 96, p. 135, of 1882.” The first section provides for notice by publication to unknown owners of assessed immovable property situated in the parish. Hence it is patent on the face of the deed that notice was not given to the resident owner. It may be added that lands belonging to the minor Downing were confusedly assessed with lands belonging to Powell or his estate. Such an assessment was a nullity. McWilliams v. Michel, 43 La. Ann. 984, 10 South. 11; Norres v. Hays, 44 La. Ann. 912, 11 South. 462. The only assessment shown was for 1883, while the lands were sold for the taxes of 1880, 1881, 1882, and 1883.
The tax sale was an absolute nullity as to sections 83 and 84, and conferred no title whatever on the purchaser. Andrews made no application to a court of competent jurisdiction to be placed in actual possession pursuant to section 61 of Act 96 of 1882, but a few months after the tax sale conveyed the property to Green, who held the title until 1891, without taking any steps to obtain possession. In October, 1887, D. T. Merrick purchased the Argyle plantation, including sections 83. and 84. Merrick took actual possession, and in 1888 exercised acts of undisputed ownership over said sections by cutting trees thereon for the purpose of making improvements. All of the lands were held by Merrick under one and the same title, and possession of a part was tantamount to possession of the whole. Merrick’s possession continued until he sold to_ the defendants in 1902. It may be said that at the close of the year 1897 Merrick had acquired a new title by the prescription of ten years. 1-Ie never had any notice of the claim of Andrews, and never was disturbed in his possession. Merrick’s possession under a legal title could have been ousted only by actual adverse possession on the part of the claimants under the tax title. Andrews never built any house, fence, or other construction on sections 83 and 84, and never sold any timber growing thereon. He claimed 3% sections under his tax title, and what he did on sections 78 and 79 does not concern us. His payment of taxes, his riding over the swamps, his running of lines, his single *615 warning to some negroes not to cut trees, and his opening a road, when, where, and for what purpose are not stated, did not oust .the possession of Merrick, the real owner and possessor, and were uuknown to him. Plaintiff never had any possession of the property in dispute. I-Ie sent men to inspect the lands before and after he purchased in February, 1902. In 1904 plaintiff sued the defendants as the actual -possessors of the property in controversy. The pretension that plaintiff’s author, Andrews, has ever been in actual possession of sections 83 and 84, is not sustained by the evidence. In the case of In re Seim, 111 La. 562, 35 South. 744, this court said:
“The burden of proof is on the plaintiff to show that his title has been quieted by the prescription of three years. The evidence shows that Mrs. I-Iandlin, one of the defendants, has been in actual possession as owner of said property since 1S70. We are of opinion that article 233 of the Constitution of 1898 has no application where the property remains in the actual or corporeal possession of the tax debtor; the purchaser at the tax sale making no effort to dispossess the original owner.”
See Carey v. Cagney, 109 La. 77, 33 South. 89.
We agree in the conclusions of the district judge on the law and facts of the case.
Judgment affirmed.
PROVOSTX, J., recused.