(100 South. 249)

No. 24181.

## CAVELL et ux. v. TRICHELL.

(March 24, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Vendor and purchaser &#10132;191—Sales; petition for recovery of possession by purchasers after repair of property by vendor held not subject to exception.**

Where property purchased under installment contract was damaged by fire, and vendor, after repairing, refused to restore purchasers to possession, petition in suit for recovery of possession or damages in alternative *held* not subject to exception of no cause of action.

2. **Vendor and purchaser &#10132;95(1) — Sales; installment purchaser's failure to insure as agreed held waived by vendor.**

Where purchasers failed to insure property as agreed, but vendor failed to avail himself of privilege of nullifying agreement because of purchaser's neglect, and received payments under contract after knowing of such failure, and

after a fire consulted purchaser about repairs, he waived right to demand nullity of agreement.

**3. Husband and wife** ⬲═90—**Vendor held not authorized to attack contract because signed by married woman.**

In suit by husband and wife against vendor for possession of property purchased, it was no defense that the wife as married woman did not legally bind herself, where the contract was signed by both the husband and wife, especially in view of Civ. Code, art. 134, as to persons entitled to annul acts of wife.

**4. Estoppel** ⬲═68(3)—**One taking certain position in one suit could not in subsequent suit assert contrary position.**

Where vendor sued insurance company on policy in his name covering property which he had sold, and therein contended that his insurance was valid, in subsequent suit by purchasers to recover possession, brought against vendor after he had repaired property, following fire, vendor could not assert that his insurance was invalid.

**5. Vendor and purchaser** ⬲═200—**Sales; vendor must repair after damage by fire, if installment purchaser has not agreed to do so.**

Where property was sold on an installment contract, it was incumbent on the vendor to repair after damage of the property by fire, in absence of agreement showing that purchaser had contracted to do so.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by W. G. Cavell and wife against John C. Trichell. Judgment for plaintiffs, and defendant appeals. Affirmed.

Foster, Looney, Wilkinson & Smith, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiffs, by written contract, agreed to purchase and defendant agreed to sell certain real estate situated in the city of Shreveport. The stipulated purchase price was $5,750, of which $900 was acknowledged to have been paid in cash, and the balance was to be paid at the rate of $50 per month, with 8 per cent. per annum interest, payable annually. It was provided that the ultimate deed should be taken in the name of Mrs. Cavell, and that the purchasers should have immediate possession.

Under the terms of the agreement, plaintiffs went into possession. About four months after their occupancy had begun, the property was damaged by fire to such an extent as to become uninhabitable. Plaintiffs removed from the building which was taken possession of by defendant for the purpose of causing the necessary repairs to be made. After the completion of the repairs, defendant retained possession, leased the property, and collected the rents.

Plaintiffs allege that under the contract they were to insure the property for $4,000 in favor of defendant, as his interest may appear; that they did effect insurance, but the policy was not made payable to defendant for the reason that they were unable to obtain insurance in his name since he had previously had the property insured for $3,000.

Plaintiffs prayed for judgment decreeing them to be entitled to the possession of the property in accordance with and under the conditions provided for in the contract, that all rents collected and to be collected by defendant be decreed to belong to petitioners, and that same be applied upon their indebtedness; and for specific performance of the contract in all other particulars.

In the alternative, plaintiffs, alleging the value of the property to be $8,000, prayed for judgment for the difference between said amount and the amount due by them on account of the purchase price.

Defendant first filed an exception of no cause of action which was overruled. He then answered, setting up that, if the contract was ever valid, it had been violated by Mrs. Cavell in not insuring the property in his favor for at least $4,000; that she had collected $1,500 of the insurance taken out in favor of Mr. Cavell, and had retained the same; that by reason of said insurance he

was unable to collect the insurance amounting to $3,000, which he had previously placed upon the property, and was involved in a lawsuit in regard thereto; that he had repaired the property at an expense of $3,500; and that, after said repairs had been made, it was worth at least $2,000 more than at the time the fire occurred.

Defendant further averred that in the event performance was decreed he was entitled to judgment for the value of the improvements and for the balance due under the contract.

The judgment of the court below ordered specific performance of the contract; decreed plaintiffs to be entitled to the possession of the property; decreed all rents collected and to be collected be applied to plaintiffs' indebtedness under the contract; that the contract be specifically enforced, in all other particulars; and that defendant's demands in reconvention be rejected.

From this judgment defendant has appealed.

[1] The exception of no cause of action was correctly overruled. The plea was leveled at the alleged failure of plaintiffs to set up the compliance on their part with all the conditions of the contract, that the suit was one to enforce the execution of the deed of sale before the stipulations contained in the promise of sale had been complied with, and that plaintiffs' action, if any they had, was one in damages and not for specific performance.

An examination of the petition shows that plaintiffs expressly alleged the payment by them of the monthly installments in the manner and under the conditions set forth in the contract, and that in all things they had complied with their agreement, except in the one particular of taking out insurance in the name of the defendant. As to that obligation they show (1) that they were unable to carry it out by the action of defendant himself in effecting prior insurance on the property, and (2) that, if they had violated the contract in that respect, said violation was waived by defendant accepting from them payments under the contract after he had acquired full and complete knowledge of all of the facts pertaining to petitioners' alleged breach.

Plaintiffs are not seeking to enforce the execution of the deed of sale. Their action is one to be restored to the possession of the property under their contract and for the specific performance thereof in all other particulars; in other words, to restore the status existing between the parties before the fire.

The contention that plaintiffs' action is one in damages is based upon the argument that they are not in a position to require specific performance until they have paid, or are ready to pay, the full purchase price as stipulated in the promise of sale. There is no force in the argument. As we have heretofore stated, the action is one to place the parties in the same position they occupied before the occurrence of the fire.

In argument and in brief, defendant seeks to defeat plaintiffs' suit on numerous grounds, but under the state of facts, as set forth in the answer, his defense is based only upon three points, viz.:

(1) Plaintiffs are debarred from recovery because of their failure to insure the property as agreed.

(2) Mrs. Cavell, being a married woman, did not legally bind herself.

(3) The alternative claim of $3,000 for loss of insurance, and $3,500 as the value of the repairs to the building.

[2] In so far as the first of said points is concerned, it is to be observed that the contract expressly conferred upon defendant the option of nullifying the agreement upon plaintiffs' failure to comply with any of its stipulations. It is shown by the evidence that defendant, instead of availing himself

of this privilege, two or three months after the fire had occurred, received payments under the contract. These payments were made after defendant had acquired full knowledge of the manner in which the insurance had been effected. It is also shown that the contractor employed by defendant to make the repairs was instructed by him to permit Mrs. Cavell to select the wall paper, electric fixtures, doors, and to make other changes which she desired, provided a certain maximum allowed for each was not exceeded, and in the event this maximum was exceeded Mrs. Cavell was to pay the difference in the cost. She was consulted in reference to the repairs. In view of these facts, we are constrained to hold that defendant waived his right to demand the nullity of the contract, and that he cannot be heard to say that the contract is not in force when he has expressly recognized it and accepted plaintiffs' tender of performance.

[3] It is a sufficient answer to the second point of defense to say that the contract is signed by both Mr. and Mrs. Cavell, and both the husband and wife are plaintiffs in this suit. Besides the Civil Code provides that:

"Proceedings to annul the acts of the wife for want of authority, can be instituted only by the husband or wife, or by their heirs." Article 134.

See In re Sheehy, 119 La. 608, 44 South. 315; Rouyer v. Carroll, 47 La. Ann. 779, 17 South. 292; Michel v. Knox, 34 La. Ann. 402; Cronan v. Cochran, 27 La. Ann. 120, and authorities therein cited.

[4] Neither can the third point of defense prevail. In the suit of the Trichel v. Home Insurance Co., 99 South. 403,[1] defendant contended that his insurance was valid. He cannot be heard to assert the contrary in this proceeding. It may be observed, however, that in the suit in question the validity of the insurance policy issued to defendant was

[1] 155 La. 459.

maintained. See suit No. 24944 of the docket of this court.

[5] In so far as the cost of repairs is concerned, it was incumbent upon defendant to make the repairs, in the absence of an agreement showing that plaintiffs had contracted to do so. No such agreement has been shown. Plaintiffs are not chargeable with the cost of repairing the building.

Judgment affirmed.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

---

(100 South. 251)