JjUECUIR, Judge.
This appeal arises from a concursus lawsuit filed by Exxon Corporation. The appellants, the Bernard Heirs, seek to overturn a trial court ruling in favor of ap-pellees, the Garber Heirs. For the reasons that follow, we affirm.
FACTS
Exxon is the operator of a certain unit created by Louisiana Office of Conservation Order No. 442-D-2, effective November 5, 1986, and designated as the “Bol Mex 3 RD SU A” situated in Broussard Field, Lafayette Parish, Louisiana. Exxon is also the operator of the Unit well, the Frank Garber No. 1 Well.
Exxon filed this concursus proceeding in 1991 to resolve competing claims of ownership to Unit Tract 96 and the production proceeds attributable thereto which were deposited into the registry of the District Court. In addition, Exxon alleged that there were adverse claims to Unit Tracts 64, 67-72, 75-79 and 82-92 and asked for resolution as to the ownership of these tracts.
LThe parties asserting adverse claims are the descendants of two families. The Garber Heirs have occupied the disputed property for over 70 years since it was acquired in 1928. The Bernard Heirs claim ownership by virtue of their redemption of the property in 1991 from the State of Louisiana which had allegedly acquired the property through an 1886 tax adjudication.
The parties submitted the case to the district court based only on evidence presented in a joint stipulation and attached documentary exhibits. No live testimony was presented to the district court. The trial court ruled in favor of the Garber Heirs. The Bernard Heirs lodged this appeal.
BURDEN OF PROOF
The Bernard Heirs contend the trial court erred in requiring that they prove their title to the sovereign. The basis for this contention is the alleged existence of a common author in title.
La.Code Civ.P. art. 3654 provides:
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of ownership of funds deposited into the registry of the court and which belong to the owner of immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, *641 when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
The record in this case establishes, and the Bernard Heirs do not dispute, that the Garber Heirs have possessed the property in question since 1928. Therefore, it is clear that the burden of proof placed on the Bernard Heirs is greater than that lHprovided in La.Code Civ.P. art. 3654(2). Instead the Bernard Heirs are required to prove valid record title, that is, to show title good against the world without regard to the title of the party in possession. Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974).
The Bernard Heirs assert that La. Civ.Code art. 532 and La.Code Civ.P. art. 3653 establish a presumption that a common ancestor in title is a previous owner. This is a proper statement of the law. In Pure Oil there was no common author involved. In Weaver v. Hailey, 416 So.2d 311 (La.App. 3 Cir.1982), this court discussed whether the legislative amendment of La.Civ.Code art. 532 and La.Code Civ.P. art. 3653 was intended to overrule Pure Oil. We held that Pure Oil was still the law. Weaver, 416 So.2d 311. However, we reiterated that the seminal holding in Pure Oil was that the word “title” meant “ownership.” Id. Thus, when the legislature amended these and related articles to require proof of acquisition from a “previous owner,” it was merely a reflection of the holding in Pure Oil. Likewise, in adopting the presumption that a common author is a “previous owner,” the legislature was codifying the conclusion reached by this court. In Clayton v. Langston, 311 So.2d 74 (La.App. 3 Cir.1975), we concluded that proof of title to a common author was sufficient to satisfy the requirements of Pure Oil.
Accordingly, if the Bernard Heirs establish that they and the Garbers have a common author in title they will have carried their burden of proof under La.Code Civ.P. art. 3654(1). The Bernard Heirs allege that Euphasie Guidry is a common author in title. We disagree.
After careful review of the record submitted, we find that the evidence does not support the allegation that Euphasie Guidry was a common author in title to the | ¿Garber and Bernard Heirs. In fact, the evidence at both ends of the chain of title appears to be lacking.
At the top of the chain, there is a question as to whether the Succession of Eu-phasie Guidry owned the property at issue at the time the taxes were assessed in 1884 or at the time the property was adjudicated to the state. The documents constituting the Succession of Euphasie Guidry reflect that the entirety of the property at issue in this case was sold at a succession sale in 1879 to Nere Broussard, the husband of Euphasie’s daughter, Rosa Barnard. This was prior to the distribution and partition of the estate. Moreover, it was five years before the 1884 tax assessment and seven years prior to the alleged tax adjudication of the property in 1886. The Bernard Heirs contend that this sale was nullified by virtue of Rosa Bernard’s successful opposition to the homologation of the succession. The documents in the record do not support that contention. It is true that Rosa Bernard prevailed in her opposition, however, the judgment makes no mention of immovable property and merely amends the homologation.
Therefore, it would appear that if the state acquired the property in 1886 it did not acquire it from the Succession of Eu-phasie Guidry. This would mean that the Bernard Heirs do not have a common author in title with the Garbers and must meet the more stringent standard of “title good against the world” enunciated in Pure Oil. We, like the trial court, find that the Bernard Heirs have failed to carry that burden of proof since the evidence reveals a clear gap in the chain of title between severance from the sovereign and the partition document of 1847.
We note, moreover, that the Bernard Heirs problem may be even more complicated. The record reveals that the 1884 *642 tax assessment was in the name of the Succession of Euphasie Guidry. In George v. Cole, 109 La. 816, 33 So. 784 (La.1902), the court said, “It is well established on principle and by authorities that a tax sale of property assessed in the name of one who is not the owner, without service of any notice of seizure on the real owner, is an absolute nullity and passes no title.” Thus, if the state had acquired no title, it could confer none and therefore, the Bernard Heirs could have acquired none by redemption. Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819 (La.1912).
At the bottom of the chain of title the record reveals no evidence that any of the named Bernard heirs are a record owner of the property. The trial court, in an unfortunate choice of words, referred to this gap by asserting that the Bernard Heirs offered no proof that they were the “proper parties” to assert these claims. This choice of words led the Bernard Heirs to allege by their second assignment that the trial court improperly ruled on an exception of no right of action in finding them not to be “proper parties.” That is not the case.
What the trial court found was that the Bernard Heirs had failed to establish a chain of title to the present. A redemption of a tax title to real estate simply effaces the tax sale and restores title to the status existing before the sale. Allen v. Paggi Brothers Oil Co., 244 So.2d 116 (La.App. 3 Cir.1971). It does not create a new title. Id. This is evident from an examination of the certificate of redemption in the record. It redeems the property in favor of the named tax debtor. In this case, the Succession of Euphasie Gui-dry. Our previous discussion aside, there are no succession proceedings, judgments of possession, sales or other instruments in evidence reflecting that the Bernard Heirs are record owners of the property or heirs of Euphasie Guidry. Thus, given the gaps at the beginning and end of the chain of title, we find no error in the trial court’s determination that the Bernard Heirs failed to prove their title to the property.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants.
AFFIRMED.