THE CLARK'S COVE FERTILIZER COMPANY, Respondent, *v.* WALLACE STEVER, Appellant.

(County Court, Columbia County, November, 1899.)

1. **Justice's Court — Failure to "subscribe" verified complaint, an irregularity cured by the verification — Laws of 1881, chap. 441.**

    A failure of the plaintiff, and also of his agent, to "subscribe" a verified complaint served in an action in a Justice's Court, as required by the Laws of 1881, chap. 441, is not a jurisdictional defect; and the irregularity is cured where the agent's affidavit of verification describes him as both attorney and agent for the plaintiff.

2. **Same — Verification by attorney, for foreign corporation, who "has the contract" sued on.**

    A verification in which the attorney states that the reason why the plaintiff does not verify the complaint containing, among other things, a statement that the plaintiff is a foreign corporation, is "because it does not reside in the county of Columbia, and is a corporation", and in which he also states that he "has the contract" upon which the action, for money only, is brought, is sufficient, under section 535 of the Code of Civil Procedure, to authorize the attorney to verify.

APPEAL by the defendant from a judgment entered against him in Justice's Court, upon his failure to appear upon a verified complaint served with the summons.

A. Frank B. Chace, for appellant.

John L. Crandell, for respondent.

LONGLEY, J.   Defendant asks to have the judgment reversed upon the ground that the complaint served was not in due form as a verified complaint, under the requirements of the statute (Laws of 1881, chap. 414, as amended by Laws of 1889, chap. 472), regulating the service of a verified complaint in Justice's Courts.

It is claimed that the complaint is fatally defective in two particulars:

*First,* because the complaint was not " subscribed by the plaintiff or his agent," as the statute requires.

*Second,* because the complaint was not verified in any of the ways prescribed by the Code for the verification of a pleading.

The complaint itself was not subscribed at all, but the verification was subscribed by John L. Crandell, who, in his affidavit of verification, states " that he is the attorney and agent of the plaintiff in the above-entitled action." Was this sufficient to satisfy the requirement of the statute, that the complaint must be subscribed by the plaintiff or his agent? In at least three cases this precise question has been before the court and in all of them such a signing of the affidavit of verification has been held sufficient. In the case of Harrison v. Wright, decided at the General Term of the Superior Court of Buffalo in 1886, reported in 1 N. Y. St. Repr. 736, the court cites and follows the case of Hubbell v. Livingston, 1 Code Rep. 63, as follows, viz.: " The failure to subscribe the complaint was at most a mere irregularity. It is not an error which touches the jurisdiction of the court, either as to the person of defendant or the cause of action. Jurisdiction of both was obtained by the service of the summons. This is clear if we consider that if, on the return day the plaintiffs, instead of taking judgment by default, without proof, had by witnesses proved their cause of action, as alleged in the complaint, they could have taken judgment for the sum so proved. The most that can be said is that in consequence of the failure to subscribe the complaint the plaintiffs were bound to prove their cause of action, and not having done so the judgment must be reversed as not sustained by the evidence.

" But I am of opinion that the plaintiff's signature to the affidavit at the end of the complaint verifying the same, is a sufficient subscription of the complaint to meet the requirements of the statute. The three sections of the municipal court act under consideration were intended to conform the proceeding in that court to those in courts of record in similar cases and as prescribed by the Code. The Code provides that in actions in the courts of record the pleadings shall be subscribed by the party or his attorney. § 520. The old Code (§ 156) contained the same provision. In Hubbell v. Livingston, 1 Code Rep. 63, the supreme court expressly decided that if the affidavit verifying a pleading is subscribed by the party, it is a sufficient compliance with the provision

requiring the pleading to be subscribed by him.   And this accords with the reasons upon which the provisions in question are based. The theory is that if the plaintiff will set out his cause of action in his complaint, and specify the sum for which he asks judgment, and will furnish proof of his allegations by his oath verifying them, and the defendant being served with these allegations thus verified, does not appear to deny them, they shall be taken as true, and as admitted by defendant, and the judgment asked for be entered upon his default."   In Barrett v. Joslynn, 9 Misc. Rep. 407, the only question before the court upon appeal was this same question, and the General Term (1894), say:  "The complaint was verified by the plaintiff, as required by the Code, and he signed his name to the verification, but did not subscribe the complaint itself.   In Harrison v. Wright, 1 N. Y. St. Repr. 736, where the precise question was up, it was held by the unanimous opinion of the General Term of this court that the signature of the plaintiff to the affidavit was a sufficient subscription of the complaint to meet the requirements of the statute.   As no authority is shown us holding differently, and on facts exactly parallel, we must follow the law as laid down in that case."

The soundness of these decisions seems never to have been questioned and I see no reason why they are not decisive of the appellant's first point.   See act revising charter of city of Buffalo, Laws of 1891, chap. 105, §§ 459–461.

Upon the argument the learned counsel for the appellant strenuously urged the second point, above mentioned, as ground for reversal because, as he claimed, plaintiff's attorney in his affidavit of verification, gave as a reason why the complaint was not verified by plaintiff, none of the reasons which under section 525 of the Code authorize a pleading to be verified by a person other than a party.   The statements of the affidavit in this respect are as follows, viz.:  "That the reason why this verification is not made by the plaintiff is because it does not reside in the county of Columbia, and is a corporation."   Probably the only sense in which a corporation may be said to "reside" anywhere, is with reference to its legal or statutory habit at, which is the jurisdiction of its incorporation.

In this sense, to say that a corporation is non-resident, is to say (however inartificially) that it is a non-domestic corporation and all corporations which are not domestic are foreign.   I think, there-

fore, that the affidavit is sufficient in this respect, especially as the complaint, which the affiant by this affidavit says is true, contains the statement that the plaintiff is a foreign corporation. I think, too, if it were necessary to uphold the judgment, it might be safely said that the statement contained in the affidavit, that the affiant " has the contract," upon which the action is brought, for the re-covery of money only, is sufficient to bring the affidavit within that provision of subdivision 3 of the same section of the Code, which authorizes the agent or attorney for the plaintiff to verify a complaint " where the action is founded upon a written instrument, for the payment of money only, which is in the possession of the agent or the attorney." With reference to appeals from Justice's Court, the Code (Code Civ. Proc. § 3063) provides: " The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects, which do not affect the merits."

The objections taken by the appellant to the judgment here seem to me to be aimed at mere technicalities which do not affect the merits and I must, therefore, conform my decision to the ex-plicit directions contained in the section of the Code last cited.

Very applicable here are the remarks made by the court in Bell v. Moran, 25 App. Div. 464, as follows: " It is a rule well estab-lished that County Courts are required in reviewing a judgment of a Justice's Court to sustain it unless some vital error has been committed, and this is especially true as regards a judgment taken by default where a defendant refuses to attend upon a trial, taking his chances of finding some error by which the judgment can be reversed." The judgment must be affirmed, with costs.

Judgment affirmed, with costs.

---

The People of the State of New York, Plaintiff, *v.* William A. E. Moore, Impleaded, etc., Defendant.

(Court of General Sessions of the Peace, New York County, Nov., 1899.)

1. Crimes — New trial under Code Crim. Pro., § 465, sub. 7.

A convicted defendant cannot obtain a new trial, under sub-division 7 of section 465 of the Code of Criminal Procedure, unless he makes it appear, by affidavit, that he can produce evidence such