(51 South. 122.)

No. 17,567.

ANDREWS v. SHEEHY.

(Dec. 13, 1909. Rehearing Denied Jan. 17, 1910.)

*(Syllabus by the Court.)*

1. PROCESS (§ 71*) — SUBSTITUTED SERVICE — —NONRESIDENT DEFENDANTS—DEMANDS FOR MONEY.

Nonresidents cannot be brought into the courts of this state, whether as original defendants or as warrantors, upon ordinary demands for money, by substituted service.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 85; Dec. Dig. § 71.*]

2. JUDGMENT (§ 17*)—WAIVER OF CITATION— PRESENCE AT TRIAL—JURISDICTION.

The facts that a nonresident for whom a curator ad hoc has been appointed is present at the trial and is placed on the stand as a witness are irrelevant, as affecting the jurisdiction of the court, ratione personæ; and testimony to show that he knew that a personal judgment would be rendered against him would be inadmissible as such judgment could legally be rendered only after citation, the want of which is not supplied by knowledge of the existence of a suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

3. APPEARANCE (§ 20*)—JUDGMENT (§ 232*)— WAIVER OF CITATION.

A defendant may waive his right to citation by appearing in the case for any other purpose than to plead the want thereof; and he may acquiesce in a judgment, illegally rendered, by voluntarily executing it, or by permitting it to be executed; he being in the parish where the execution takes place. But a promise to pay the amount of a judgment is not such acquiescence.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 91–102; Dec. Dig. § 20;* Judgment, Dec. Dig. § 232.*]

4. RECONVENTION — GROUNDS OF REMEDY — NON-RESIDENCE.

Where, in a suit by a nonresident to annul a judgment for want of citation and of jurisdiction in the court, the party by whom such judgment was obtained answers, defending its validity, and praying that it be maintained, there is nothing inconsistent in his assuming the character of plaintiff in reconvention, and, in the alternative, asserting, and praying for judgment on, the original demand, in the event the validity of the judgment attacked is not sustained.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 6, 7; Dec. Dig. § 6.*]

5. APPEAL AND ERROR (§ 173*)—CHANGING THEORY OF CASE ON APPEAL.

Where a nonresident, suing to annul a personal judgment rendered through a curator ad hoc, is met with a demand in reconvention (made in the alternative) for judgment as in the original suit, and he invokes the jurisdiction of the court for the determination of the questions, whether such demand discloses a cause of action and can be made in the alternative, he cannot afterwards, and on the appeal, be heard to raise the question that, having gone into court solely for the purpose of having an illegal judgment so declared, he did not subject himself to the jurisdiction for any other purpose.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 173.*]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupée; L. B. Claiborne, Judge.

Action by Charles L. Andrews against George B. Sheehy, who filed a plea in reconvention. Judgment for plaintiff and also for defendant on his plea of reconvention, and both parties appeal. Affirmed.

See, also, 122 La. 464, 47 South. 771.

Wm. C. Carruth and Claiborne & Kearney, for plaintiff. Jacob H. Morrison and Hall & Monroe, for defendant.

Statement of the Case.

MONROE, J. George B. Sheehy, defendant herein, instituted suit in the district court for the parish of Pointe Coupée against Simonds and Perkins to confirm his title to certain land which he alleged had been acquired by Andrews, plaintiff herein, at tax sale, and sold by Andrews to him, with warranty of title, and he prayed that Andrews, who lived in Mississippi, be cited through a curator ad hoc, and, in the event of an adverse judgment on the question of title, that he be condemned for the price which had been paid him. There was judgment in favor of Simonds and Perkins on the question of title and in favor of Sheehy and against Andrews on the call in warranty, and, Sheehy alone appealing, the judgment so rendered was affirmed by this court. In re Sheehy,

119 La. 608, 44 South. 315. Thereafter Andrews brought this suit to annul the judgment obtained against him, on the ground that, being a nonresident, he could not have been brought into court through substituted service, to which Sheehy (made defendant) answers that the judgment is good, for the reason that Andrews was residing in Pointe Coupée when he sold the property, and moved to Mississippi afterwards, and that he (defendant) had no other way to bring him into court on his warranty of title, save through a curator ad hoc. He further alleges that, should the court hold that the judgment is not good on account of the substituted service, Andrews should be held to be estopped to assail its validity, for the reason that he was at once advised of the appointment of the curator ad hoc, and, prior to and during the trial, consulted and advised with the counsel for plaintiff (defendant herein) as to the prosecution of the suit, was fully informed that in the event of an adverse judgment on the question of title he would be condemned for the price for which he had sold the property, and that, after said judgment was rendered, he acquiesced therein by promising to pay it, if time were given him, which condition was complied with. Defendant then, assuming the character of plaintiff in reconvention, alleges:

"That, in the event the court should hold that your reconvenor's said judgment against the said Andrews should be annulled, * * * then and in that case the said Charles L. Andrews is justly * * * indebted to your reconvenor in the full sum of $4,637.50, with legal interest * * * for this, to wit."

And he proceeds to set forth his cause of action as in the original suit. He further makes certain allegations, upon the basis of which he caused John Wesley Green to be cited, and prayed that a transaction, purporting to be a sale of land by Andrews to Green, be set aside, either as simulated or as having been made in fraud of his rights as a creditor of Andrews, but Green filed an exception, which was maintained, with the result that he was eliminated from the suit (Andrews v. Sheehy, 122 La. 464, 47 South. 771), leaving before the court only Andrews and Sheehy, as between whom the following issues were presented for decision, to wit:

(1) Was it competent for the district court for the parish of Pointe Coupée to bring Andrews, a resident of the state of Mississippi, before it for the purposes of the moneyed judgment rendered against him by citing him through a curator ad hoc?

(2) Is Andrews estopped to assail the validity of the judgment so rendered because he was informed of the appointment of the curator ad hoc, consulted with the plaintiff in the case (defendant herein) before and during the trial, appeared on the trial as a witness, and was advised that, in the event of an adverse judgment on the question of title, the judgment now assailed by him would be rendered?

(3) Did he after its rendition promise to pay the judgment (in question) if granted a delay in which to raise the money, and, if so, did the promise constitute such an acquiescence in the judgment as to preclude the present attack upon it?

(4) Is the demand here made by Sheehy for judgment against Andrews as in the original suit a demand in the alternative and in reconvention, which Sheehy has the right to assert in this proceeding?

The district court rendered judgment in favor of Andrews, decreeing null and void the judgment herein attacked by him, and ordering that the inscription thereof be canceled from the mortgage records; and in favor of Sheehy on his reconventional demand, condemning Andrews to pay him $4,-637.50, with interest, further ordering that the costs of the main demand be paid by Sheehy and those of the reconventional demand by Andrews. Both parties have appealed.

## Opinion.

1. It is well settled that nonresidents cannot be brought into the courts of this state upon ordinary demands for money, by substituted service. Pennoyer v. Neff, 95 U. S. 730, 24 L. Ed. 565; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867; Hobson et al. v. Peake, 44 La. Ann. 383, 10 South. 762. And the rule applies with equal force where the nonresident is called in warranty. Smith v. McWaters, 7 La. Ann. 145; Pagett v. Curtis, 15 La. Ann. 451. Moreover, a demand in warranty in legal contemplation arises in an action only when made by the party who has been sued. Laughlin v. La. & N. O. Ice Co., 35 La. Ann. 1185; Foote v. Pharr, 115 La. 35, 38 South. 885; Clapham et al. v. Clayton et al., 118 La. 419, 43 South. 36.

2. Defendant herein alleges in his answer that:

"The said Andrews took no steps to have the appointment of the said curator set aside, nor to formally appear in said suit and make a defense, if any he could, to your respondent's call in warranty, thus tacitly acquiescing in the entire proceeding, and tacitly consenting to abide by the judgment of the court."

Andrews was, however, under no obligation to see that Sheehy laid the foundation for a valid judgment against him by having him cited, and his consultation with Sheehy's attorney as to the prosecution of the proceeding, and his appearance therein as a witness may be accounted for by his interest in having Sheehy's title confirmed without assuming that he intended at the same time to waive any of his own rights in order to facilitate Sheehy in the obtention of a judgment against himself, even though he might have felt or known that he would eventually be liable in the event of an adverse judgment on the question of title for the price that Sheehy had paid him. As to the allegation that he had full knowledge that in such case judgment would then and there be rendered against him, there was no attempt to sustain it by proof, and evidence to that effect would have been inadmissible if offered (Harris v. Alexander, 1 Rob. 30), since (to quote language used by our predecessors):

"It has been repeatedly held that knowledge of the suit, however clearly brought home to a defendant, does not supply want of citation, which is the foundation of the proceeding." Adams v. Bazile, 35 La. Ann. 102; Hobson et al. v. Peake et al., 44 La. Ann. 383, 10 South. 762.

3. There is no doubt that a defendant may waive his right to a citation by appearing for any other purpose than to plead the want thereof. Louque's Digest, p. 112, IV No. 1; Tutorship of Minors Byland, 38 La. Ann. 756; Bartlett v. Wheeler, 31 La. Ann. 543.

And he may acquiesce in a judgment illegally rendered by voluntarily executing it, or by permitting it to be executed, without opposition; he being in the parish. Code Prac. arts. 567, 612. But no such acquiescence as is thus required has been shown in this case; the most that is alleged or proved being that Andrews promised to pay the judgment, if granted time, which is not the same thing as executing it, or permitting it to be executed; "he being in the parish."

4. Prior to 1839 the Code of Practice provided for demands in reconvention substantially as follows, to wit:

That the demand which the defendant institutes in consequence of that which the plaintiff has brought against him is termed a demand in reconvention (Code Prac. art. 374); that, in order to entitle the defendant to institute a demand in reconvention, such demand, though different from, should necessarily be connected with, and incidental to, the main action, "as, for instance, the demand instituted by the possessor in good faith against him who sues to evict him, or for the purpose of obtaining the payment of the improvements made on the premises"; (Code Prac. art. 375) that, if the demand instituted

by the defendant be in its nature independent from the main action, it should be considered a principal, and not a reconventional, demand, and should be brought at the domicile of the plaintiff (Code Prac. art. 376); and, finally, that "in all cases of reconvention" (i. e., in all cases where the demand falls within the definition as given) the defendant might plead it in his answer, or by separate suit, before the court in which the main action was pending, and that the plaintiff should be obliged to answer without pleading to the jurisdiction (Code Prac. art. 377). By Act March 20, 1839, § 7, article 375 of the Code of Practice was amended by the addition of a paragraph, which now appears as a proviso, reading as follows, to wit:

"Provided, that, when the plaintiff resides out of the state, or, in the state, but, in a different parish from the defendant, said defendant may institute a demand in reconvention against him, for any cause, although such demand be not, necessarily, connected with, or incidental to, the main cause of action."

In the instant case, when the defendant set up (what we shall for the present call) his demand in reconvention, plaintiff filed a motion which reads as follows:

"And now into this honorable court comes Charles L. Andrews, plaintiff in the above-styled and numbered cause, and, on showing * * * that George B. Sheehy, defendant, * * * has embodied in his answer herein certain. allegations and a prayer, which said defendant terms a reconventional demand, and on further showing that said allegations and prayer are not a reconventional demand in any sense, and the injection of the same into this suit is an illegal cumulation and confusion of actions, and on further showing that same are in direct conflict with other allegations contained in defendant's answer herein, and that, according to the allegations of the defendant's answer, the said allegations and prayer, termed a 'reconventional demand,' are not based upon any presently existing cause of action, and upon further showing that John W. Green, one of the defendants in the said reconventional demand, has been dismissed from the suit by a judgment of this honorable court, which judgment has been affirmed by the Supreme Court of the state; and on further showing that it would be an injustice to appearer to require appearer to go to the inconvenience and expense of se-

curing evidence to controvert the allegations contained in said reconventional demand—wherefore appearer moves this honorable court to order and decree that the allegations and prayer, which defendant terms a 'reconventional demand' and which are embodied in his answer herein, be stricken from said answer and from the record herein," etc.

The motion so made was denied by the district court, which, as we have already stated, gave judgment on the reconventional demand in favor of defendant (as plaintiff in reconvention).

The learned counsel for plaintiff in support of this motion argue that there was no then existing cause of action upon which the so-called reconventional demand could be predicated. They say:

"Defendant has skillfully and ingeniously interwoven in his answer what he would have the court either construe as a reconventional demand, or ignore entirely, according as the court may decree the personal judgment against Andrews to be invalid or valid. We challenge defendant to cite one single decision in which any court either of this sta*⌐*, or of any other state, or country, has recognized the validity of a reconventional demand *pleaded in the alternative* and based upon the *possible future existence* of a state of facts which would constitute a cause of action, if they existed, *but which may never exist, and* which the reconvenor positively asserts do not exist." (Italics by the counsel.)

They go on to say that Sheehy in alleging that the judgment sought to be annulled is valid and binding has put himself out of court with respect to his demand in reconvention, since the latter is a demand for a judgment for the same amount against the same party based upon the same cause of action. They further say that, if such pleading be allowed, the consequence will be that Andrews, who came into court solely for the purpose of asserting his constitutional right to require that all personal suits against him shall be brought in his own state, will find that he, "ipso facto, loses the right," and will learn (quoting the language of a distingushed modern author) that "police protection is only a polite name for fracture of the skull."

The learned counsel refer to the opinion in

the case in which Green was eliminated, and called attention to the fact that this court there said:

"A reconventional demand, according to article 374, Code of Practice (French text), is one which the defendant brings himself against the plaintiff, in consequence of the demand which he has instituted against him." Andrews v. Sheehy, 122 La. 464, 47 South. 771.

From which they deduce:

"That, under this definition, and under our uniform and well-settled jurisprudence a reconventional demand must always be a definite and certain demand, based upon a *definitely alleged cause of action*." (Italics by the counsel.)

The answer filed by defendant alleges specifically enough that he bought from plaintiff, with warranty of title, S. ½ of section 79, sections 83 and 84, and section 78, in township 4 S., range 8 E., S. E. land district of Louisiana, west of the Mississippi river, for which he paid $8,000, cash; that by the judgment rendered in the proceeding instituted by him against Simonds and Perkins, who were claiming under an adverse title and against plaintiff, as his warrantor, he was evicted from sections 83 and 84; and that the price of those sections was $4,637.50, and, after praying that the judgment which he has already obtained for that amount be sustained, the prayer of his petition proceeds as follows:

"And, in the alternative, reconvenor prays that, in the event that the court should hold that respondent's judgment against the said Andrews should, be annulled and set aside, there be judgment in reconvenor's favor, and against said Andrews. condemning said Andrews to pay to your reconvenor the full sum of $4,637.50, as the purchase price of said sections 83 and 84, * * * with legal interest," etc.

So far as the existence of a cause of action is concerned, there does not appear to be any appreciable difference between the present position of the defendant and the position that he would have occupied if, having been sued for the land by Simonds and Perkins, he had asserted the validity of his title, and (assuming that he could reach him) had then called plaintiff in warranty and

prayed judgment against him in the event of the failure of the court to maintain his defense. Nor is his present position in that respect different from the position that he would have occupied if (he being in possession) Simonds and Perkins had sued for the recovery of the land, and, after asserting the validity of his title, he had alleged in the alternative that he was at least a possessor in good faith, and had prayed, in the alternative (to a judgment maintaining his title) that he be allowed to recover for improvements made by him. In such case he would have been within the particular illustration used in Code Prac. art. 375, and yet (to paraphrase the language of the brief filed by plaintiff's counsel) his demand in reconvention, pleaded in the alternative, would have been based upon the possible future existence of a state of facts which might never have come into existence, and which in his answer he was positively asserting did not exist. Green was eliminated from the case, because he had brought no suit and was making no demand against the defendant, and defendant's demand against him was not, therefore, "one which the defendant brings himself against the plaintiff, in consequence of the demand which he [plaintiff] has instituted against him [defendant]." Moreover, in demanding, as against the plaintiff, Andrews, that the judgment sought to be annulled be maintained, or, in the alternative, that Andrews be condemned to return the price paid him for the property, and as against Green that a transaction between him and plaintiff be annulled, Sheehy was attempting to bring different defendants before the court in the same suit on separate causes of action. As to Andrews, however, he merely availed himself of the opportunity that Andrews gave him, not exactly to administer a "fracture of the skull," but to require Andrews to disgorge the price that he had received for property that he had sold without being the owner. That it was com-

petent to make a demand to that effect, as the alternative to the prayer, that the judgment, condemning Andrews for such price, and attacked by Andrews, be maintained, there can be no doubt.

Castaing v. Improvement Co., 5 Rob. 177; Succession of Rougan, 7 Rob. 436; Mathias v. Lebret, 10 Rob. 94; Smith v. Mechanics' Bank, 6 La. Ann. 625; Wood v. Harrell, 14 La. Ann. 61; Webre v. Gaillard, 16 La. Ann. 189; Smith v. Donnelly, 27 La. Ann. 98; Dilzell Eng. Co. v. Lehmann, 120 La. 280, 45 South. 138. The objection, suggested in the brief, that plaintiff, having come into court only to attack a void judgment that had been rendered against him, did not submit himself to the jurisdiction for any other purpose, was not presented by the pleadings. To the contrary, plaintiff invoked the jurisdiction for the determination of the question whether defendant's demand for the price of the property discloses a cause of action, and whether it could be pleaded in the alternative. He said nothing about any want of jurisdiction ratione personæ, and it is too late to raise that question now. For the reasons thus given, we are of opinion that the judgment appealed from is correct, and it is accordingly affirmed, the costs of the appeal to be divided between the two appellants.