SOMMERVILLE, J.
Plaintiff, a foreign corporation, domiciled in Dallas, Tex., and doing business in that state and in Louisiana, after having declared that its place of business in this state was in New Orleans, where it has an authorized agent upon whom process may be served (Constitution, art. 264; Act No. 54 of 1904, p. 133), sued defendants, domiciled in Caddo parish, in the court of that parish.
Defendants answered, denying plaintiff’s claims, and reconvened, claiming damages from plaintiff for failure to execute a contract to deliver freight, and for several alleged torts.
Suits for these damages claimed by way of reconvention might have been brought in the courts at the point of delivery of the freight, where the damage was done, or trespass committed, or in the courts of the domicile of the public carrier, at the option of the party suing. Act No. 93 of 1888, p. 152; Act No. 44 of 1910, p. 69.
These claims in reeonvention are different from the main action; but “where the plaintiff resides out of the state, or in the state, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with or incidental to the main cause of action.” Article 375, Code of Practice, as amended by Act No. 50 of 1886, p. 84. And defendants, availing themselves of the benefit of the above law, filed their reconventional demand.
*146 Plaintiff: excepted to the plea of reconvention on the following grounds:
“First. Plaintiff herein is a railroad corporation operating a line of railroad from El Paso to New Orleans, passing through the state of Louisiana, with its Louisiana domicile at New Orleans, Orleans parish; that the pause of action upon which defendant bases its claim to reconvention is a tort alleged to have been committed by plaintiff company.
“Second. That plaintiff company’s line extends and is operated through the parish of Caddo, • wherein it is alleged said tort was committed,, and by virtue thereof, under the law,, is suable for such damage resulting from said tort in said parish.
“Third. Plaintiff represents that, being a railroad corporation, it has no residence, and being suable in the parish in which the original cause of action was filed, defendant’s claim in reconvention should not be allowed.”
The exception was overruled; and plaintiff has asked that writs of prohibition, mandamus, and certiorari issue to the trial court, and that this court sustain its exception and order defendant’s reconventional demand dismissed.
[1] Plaintiff is domiciled in Dallas, Tex., and under the article of the Code of Practice, above quoted, defendants’ right to reconvene is clear. Domicile embraces residence. Granting that plaintiff has a “Louisiana domicile in New Orleans,” if plaintiff means to allege that its chief office is in TÍew Orleans, or it has an agent, upon whom judicial process may be served, then defendants’ right to reconvene is clear. The record does not show that plaintiff is domiciled in Louisiana, or that its agent, upon whom judicial process may be served, is domiciled in the state. Such agent may be merely residing in the city of New Orleans.
Plaintiff urges that, being a railroad corporation, it has no residence anywhere; that it does not “reside” out of the state, or in a different parish from defendants in the state; that it is suable by defendants, under the statutes of the state, in the parish where it may have failed to deliver freight to them or may have committed a tort against them; and that defendants cannot reconvene and claim damages from it for the matters and things set up in their answer, which are different from and not connected with the main demand.
It is true that defendants might have sued plaintiff in the courts of Caddo parish, and had -service made upon its authorized agent in the city of New Orleans; or they might have sued in the courts of Orleans parish. But, under article 375 of the Code of Practice, they have also the right to reconvene, and make claim against plaintiff, because ,it resides (that is, it is domiciled) out of the state, and has no domicile or residence in Caddo parish.
[2] Railroads may not have been in the contemplation of the legislators when the Code of Practice was adopted, when they referred to a plaintiff residing out of the state; but the language is broad enough to meet the exigencies of this case, where the plaintiff may not have a residence in any place. It is very clear, when the provisions of article 375 are to be applied to a corporation, that that corporation “resides” in the state at the place where its chief office or place of business is located, under article 26-1 of the Constitution; and that is in the case of plaintiff in New Orleans, “in a different parish from the defendant.” Eichhorn v. Louisville & Nashville Railroad Co., 112 Ky. 338, 65 S. W. 797; Clark’s Cove Fertilizer Co. v. Stever, 29 Misc. Rep. 571, 62 N. Y. Supp. 249, 251.
And defendants had the right to reconvene and make claims against plaintiff for matters and things different from and not connected with the main demand- of plaintiff. The rule nisi issued herein is recalled; and the application of relator is dismissed, at its cost.