## No. 1819
### Second Circuit Appeal

## J. C. DAVIS, DIRECTOR GENERAL OF RAILROADS v. OIL STATE LUMBER COMPANY

(February 20, 1925, Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Reconvention—Par. 3, 18; Corporations—Par. 300, 301.**
Under the Code of Practice, where the Louisiana domicile of the plaintiff, a foreign corporation, is the same as that of the defendant, a reconventional demand is not allowable unless connected with or incidental to the main demand.

2. **Louisiana Digest—Pleading—Par. 7.**
A motion to strike out a reconventional demand filed by plaintiff corporation

alleging that plaintiff had a domicile and agent in Louisiana is not inconsistent with allegation in plaintiff's petition stating that it was corporately organized under the laws of Missouri.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit to collect a balance due on an undercharge for freight. There was a reconventional demand. Plaintiff filed a motion to strike out reconventional demand which was sustained. Defendant appealed. Judgment affirmed.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendant, appellant.

CARVER, J. Plaintiff, as administrator during the war of Kansas City Southern Railway Company, sued defendant for $116.07 undercharge. He alleged that the company was a corporation organized under the laws of the state of Missouri and doing business in Louisiana, or whether it had in Louisiana any domicile or agent for service of process ·or not.

Defendant filed a reconventional demand for $138,000.00, whereupon plaintiff filed a motion to strike out this demand on the ground that it was not connected with or incidental to the main demand and that the railway company, though organized under the laws of the state of Missouri, had in Caddo parish, Louisiana, where this suit was filed, both a domicile and an agent for service of process. ·

It was admitted on trial of this motion that the railway company did have such Louisiana domicile and agent.

The District Judge at first overruled the motion to strike out, but afterwards sustained it.

Judgment went for plaintiff · on the main demand.

Defendant appealed, but in this court urges no objection to the main demand, his sole insistence being that the reconventional demand was improperly stricken out.

In Texas & Pacific Ry. Co. vs. Chatwin, 135 La. 143, 64 South. 1017, plaintiff, stated by the court to be a foreign corporation domiciled in Dallas, Texas, but doing business in Louisiana, after having declared that its place of business in this state was in New Orleans, where it had an authorized agent on whom process might be served, sued defendant, domiciled in Caddo parish, in a court of that parish. Defendant reconvened. Plaintiff excepted to the reconventional demand, which neither grew out of the main demand nor was incidental thereto. The court held that such demand was allowable because applying the provisions of Code of Practice 375 to a corporation, the corporation must be considered as residing in the parish where its chief office or place of business was located, and that in the case before it, that chief office being in New Orleans, was a different ·parish from the parish of the defendant's domicile, and therefore the defendant could reconvene although his demand was not incidental to or connected with the main demand.

We think the converse of the proposition equally true, namely, that where the Louisiana domicile of the plaintiff, a foreign corporation, is the same as that of the defendant, a reconventional demand is not allowable unless connected with or incidental to the main demand.

It is not contended that the Director General himself had selected any domicile or appointed any agent in the state.

Plaintiff contends, though, that the case must be considered from the standpoint of the railway company and not the Director General, and cites the following cases in support of his contention:

Smith vs. Babcock, 260 Fed. 679.

Southern Cotton Oil Co. vs. Atlantic Coast Line Ry. Co.

Rutherford vs. Union Pacific Ry. Co., 254 Fed. 888.

Dahn vs. McAdoo, 256 Fed. 549.

Missouri Pac. Ry. Co. vs. Ault, 256 U. S.

·His brief gives extracts from these cases which, if correct, seem to sustain his view. We have not examined the cases themselves because, without reference to them, we think the contention sound, especially as it is not contested in this court by the defendant's counsel, whose brief is confined to the claim that the motion to strike out should not have been allowed because contradictory to the pleadings of the defendant and because it changed the issues or set up new issues. We do not think, though, that it did contradict the original petition. That petition simply stated that the railway company was corporately organized under the laws of the state of Missouri. It did not state whether it had or did not have a Louisiana domicile or agent. The motion to strike out stating that it had such domicile and agent did not contradict anything in the original petition. Neither do we think that the motion changed the issues or set up any new issues. The demand propounded by the original petition was one for undercharges and remained this without being at all changed by the motion.

The decision of the lower court is affirmed.