No 2609

Second Circuit

---

CATLETT v. HENRY

---

(May 7, 1926, Opinion and Decree)

---

(Syllabus by the Court.)

1. Louisiana    Digest — Reconvention — Par. 2.

In order to entitle a defendant to institute a demand in reconvention, when both litigants reside in the same parish, it is requisite that such demand be necessarily connected with or incidental to the main demand.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

Action by Mrs. E. K. Catlett against J. R. Henry to have a judgment declared null. There was judgment for plaintiff and also for defendant in reconvention. Judgment as to plaintiff's main demand affirmed but as to defendant's reconventional demand reversed.

Dawkins and Dawkins, of Monroe, attorneys for plaintiff, appellant.

Theus, Grisham and Davis, of Monroe, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J.    The defendant herein obtained judgment against the plaintiff herein upon a promissory note in a suit wherein the service of citation was defective. The purpose of this suit is to have that judgment declared null. The defendant herein asks that the judgment be recognized as valid, and, in the alternative, that he have judgment in reconvention against the plaintiff herein for the amount of the principal and interest and attorney's fees owing on the note sued on in the suit the judgment wherein is sought to be annulled. The plaintiff herein filed a motion to strike defendant's reconventional demand from the pleadings on the ground that it was not connected with or incidental to the main demand. The motion was overruled and plaintiff reserved an exception.

The case was tried and there was judgment in favor of the plaintiff annulling the judgment in defendant's suit against her and in favor of the defendant on his reconventional demand for the amount of the principal and interest and attorney's fees of the note sued on in the suit the sides out of the state, or in the state, judgment wherein is sought to be annulled. The plaintiff appealed.

## OPINION

The question to be decided is whether or not defendant's reconventional demand is necessarily connected with or incidental to the main demand.

In plaintiff's demand the only question involved is, whether she was legally cited or not in defendant's suit against her, and we are unable to see any connection between this demand and defendant's reconventional for judgment against plaintiff for the amount of the principal and interest and attorney's fees of the note sued on in his suit against the plaintiff.

Defendant cites Andrews vs. Sheehy, 125 La. 217, in support of his contention.

In that case the litigants were residents of different states, and therefore the article of the Code of Practice in question had no application.

The question there decided was that in a suit by a non-resident to annul a judgment rendered against him for want of citation and of jurisdiction in the court, it is not inconsistent for the party by whom such judgment was obtained to answer defending its validity, and, assuming the character of plaintiff in reconvention, reassert and pray for judgment on the original demand in the event the validity of the judgment attacked is not sustained, under Article 375 of the Code of Practice, which provides:

"Provided, that, when the plaintiff rebut in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action."

This decision is not authority for holding that defendant's reconventional demand for judgment against plaintiff for the principal, interest and attorney's fees of the note sued on in the original action grows out of or is incidental to plaintiff's suit to have the judgment rendered against her in that action annulled for want of service of citation.

Defendant further cites Article 20 of the Code of Practice, which reads as follows:

"He who has a right of action to claim what is due him, has a right yet more evident to use the same cause of action as an exception, in order to preserve his rights."

Neither does this provision support defendant's contention, as he is not here seeking to preserve any right under the judgment sought to be annulled. That judgment was a nullity and could give him no rights. The purpose of the reconventional demand is to have the court render a valid judgment in lieu of an invalid one. Whatever rights he may have had as owner and holder of the note sued on in the original suit he still has. By his reconventional demand he is not seeking to have his rights as owner and holder of that note preserved but to make those rights executory, and this the court cannot do on his reconventional demand.

Plaintiff's motion to strike out of the pleadings defendant's reconventional demand should have been granted.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from, insofar as it decrees—

"* * * that the plaintiff, E. K. Catlett, do have and recover judgment against the defendants, J. R. Henry and Pat S. Hamilton, Clerk of Court in the Parish of Ouachita, State of Louisiana, declaring the citation in suit No. 13,333, entitled J. R. Henry vs. E. K. Catlett, not valid, null and void, and ordering the cancellation of the judgment rendered in that cause wherever the said judgment appears recorded with the Clerk and Recorder of the Parish of Ouachita"

be and the same is hereby affirmed. And that the judgment appealed from, insofar as it decrees—

"* * * that defendant, J. R. Henry, as plaintiff in reconvention, do have and recover judgment against the plaintiff, or defendant in reconvention, Mrs. E. K. Catlett, in the full sum of fourteen hundred ($1400.00) dollars, with eight (8%) per cent per annum interest from May 27, 1920, until paid, and ten (10%) per cent of all the said principal and interest as attorney's fees"

be and the same is hereby reversed.

It is further ordered, adjudged and decreed that the portion of the judgment appealed from relative to costs of suit be amended so as to read as follows: Defendant, plaintiff in reconvention, to pay all costs of this suit.