REGAN, Judge.
Plaintiff, Lewis Hardware Company, Inc., a corporation created in conformity with the Corporation Act of Louisiana LSA-R.S. 12:1 et seq., and domiciled in the City of Hammond, instituted this suit against defendant, James O. Gremillion, a resident of and domiciled in the Parish of Orleans, on an open account, endeavoring to recover the balance due thereon in the amount of $196.20, together with legal interest from August 28, 1950, for merchandise sold and delivered to defendant on August 28, 1950.
Defendant answered admitting the foregoing indebtedness and then reconvened for the sum of $513 representing losses he incurred by virtue of the breach of a roofing contract by plaintiff; loss of commission by defendant resulting from plaintiff’s unjustified refusal to accept certain merchandise ordered by it, through defendant as its agent; and for reimbursement, of freight charges paid by defendant on plaintiff’s behalf which emanated from the shipping of the foregoing merchandise.
On the trial, hereof plaintiff offered in evidence its original petition, copy of the statement and invoice and answer of defendant admitting that the amount sued -for was correct, due and unpaid. It then ob *809 jected to the introduction of any evidence by the defendant insofar as the reconveri-tional demand was concerned, asserting that the court lacked jurisdiction in view of • Code of Practice; Article 376, since the demand instituted by the defendant was, by its very nature, independent from the action brought by the plaintiff, therefore, it is a principal, as distinguished from a reconven-tional, demand, and must be brought at the domicile of the plaintiff in the City of Hammond, Louisiana.
The court, a qua, maintained the plaintiff’s exception, awarded plaintiff judgment as prayed for and dismissed the reconven-tional demand as of non-suit. From this judgment the defendant has appealed.
The only question posed for our consideration by virtue of this appeal is whether the judgment of the court, a qua, was correct in maintaining plaintiff’s objection and dismissing the reconventional demand as of non-suit.
Counsel for plaintiff contends that the ruling of the trial judge was correct and that it is predicated upon the rationale of Article 376 of the Code of Practice which reads as follows:
“If the demand instituted by the defendant be one in its nature independent from the action brought by the plaintiff, it shall be considered as a principal, not a reconventional demand, and must be brought at the domicil of the plaintiff.”
He insists that Article 376 is in hopeless conflict with Article 375 of the Code of Practice, particularly the proviso or exception to- the general rule contained therein which reads:
“ * * * provided, that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action * *
Defendant concedes that the reconven-tional demand arises out of a transaction which is not necessarily connected with or incidental to the main demand; but- insists-that the j-udgment of the court, a" qua, is-incorrect because of the proviso appearing; in Code of Practice Article 375, referred to hereinabove, since a diversity of domicile or residence exists between plaintiff and defendant. ‘
We are of the opinion that there is no irreconcilable conflict existing between Articles 375 and 376 of the Code of Practice. Article 376 simply elucidates upon the general rule and defines the terminology expressed in the first portion of Article 375, to the effect that if the demand instituted in reconvention by the defendant, is not necessarily connected with and incidental to the main demand, it is, according to Article 376, in its nature independent' from- the action brought by plaintiff and it should be considered the principal rather than■ a re-conventional, demand, which must be instituted at the domicile of the plaintiff. Therefore, the first portion of Code. of Practice; Article 375 and Code of Practice, Article 376, should be read together in order to alleviate any conflict and thus render them intelligible.
While neither counsel has cited to us a case in point nor have we been able to discover any, we find pertinent language to this effect in Andrews v. Sheehy, 1910, 125 La. 217, 51 So. 122, 124:
“ * * * the demand which the- defendant institutes in consequence of that which the plaintiff has brought against him is termed a demand in re-convention (Code Prac. art. 374); that, in order to entitle the defendant to institute a demand in reconvention, such demand, though different from, should-, necessarily be connected with, and incidental to, the main action * * *; (Code Prac. art. 375) that, if the demand instituted by the defendant be in its nature independent from the. main action, it should be considered a principal, and not a reconventional, demand, and should be brought at the domicile of the plaintiff (Code Prac. art. 376); and, finally, that ‘in-all cases of reconvention’ (i. e.,, in all cases where the demand falls within the def *810 inition as given) the defendant might plead it in his answer, or by separate suit, before the court in which the main action was pending, and that the plaintiff should be obliged to answer without pleading to the jurisdiction (Code Prac. art. 377). By Act [53] March 20, 1839, § 7, article 375 of the Code of Practice was amended by the addition of a paragraph, which now appears as a proviso, reading as follows, to wit:
“ ‘Provided, that, when the plaintiff resides out of the state, or, in the state, but, in a different parish from the defendant, said defendant may institute a demand in reconvention against him, for any cause, although such demand be not, necessarily, connected with, or incidental to, the main cause of action.’ ”
We believe that the foregoing reasoning, if not precisely, inferentially substantiates our interpretation of the ramifications of Code of Practice, Articles 375 and 376.
However, assuming arguendo, a view most favorable to the plaintiff, that there does exist an irreconcilable conflict between the proviso appearing in Article 375, and Article 376, then, it is our opinion, that the proviso contained in Article 375, Act 53 of 1839, Sec. 7, is a more recent expression of Legislative intent than Article 376, which has not been amended more recently and, therefore, we are bound to follow Article 375. An additional manifestation of legislative intent occurred approximately • forty-five years later or in 1836, when the Code of Practice, Article 375, was again amended by Act No. 50 to include a second proviso, and the Legislature did not see fit to disturb the initial proviso. Furthermore, as an inferior court in relation to the Supreme Court, we are compelled to adhere to the established jurisprudence interpreting Article 375 and we are certain, in view of Andrews v. Sheehy, supra, and the decisions cited hereinafter, that the Supreme Court was fully cognizant of the implications of these articles of the Code of Practice when it had occasion to review them. That court, after considering these articles, established, by virtue of the ratio decidendi and obiter dictum, appearing in several of its cases the following rationale: When the plaintiff resides out of the State, or in the state, but in a different parish from the defendant, the defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with or incidental to the main cause of action. Texas & Pacific Railroad Company v. Chatwin Bros., 135 La. 143, 64 So. 1017; Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Dawson v. Frazar, 150 La. 203, 90 So. 570.
 In Rigney v. Monette, 45 La.Ann. 940, 13 So. 201, 202, the court in explaining the reason for the existence of the proviso, had this to say:
“The obvious purpose of the proviso is to establish a common forum for the settlement of legal controversies between the same parties, of whatever nature, and to dispense a defendant who has been impleaded in the court of his domicile from the necessity of .seeking his adversary in a different forum, in order to propound a coexistent cause of action against him.”
We are, therefore, of the opinion that the court, a qua, erred in dismissing defendant’s demand in reconvention.
We entertain no doubt relative to the correctness of the judgment appealed from insofar as the main demand is concerned, however, it is our opinion that a final judgment on the main demand should await final determination of the judgment on the reconventional demand. Dugas v. Lewis-Chambers Construction Co., La.App., 187 So. 117.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings in conformity with the views herein expressed. Costs of this appeal to be borne by the plaintiff-appellee, all other costs to' await the final determination of this case.
Reversed and remanded.